■ AMERICA RESCUE WORKERS, INC., Appellant, v. FLORIAN F. WESLEY, Clerk of the Town of Irondequoit, et al., Respondents.— Judgment unanimously reversed, with costs and matter remitted for trial in accordance with the following Memorandum: Petitioner, in a proceeding brought under article 78, seeks to have certain licensing ordinances of the Town of Irondequoit declared unconstitutional and to enjoin the town police from interfering with its door-to-door solicitations. In the petition and a supporting affidavit, it sets forth that it is a religious corporation operating a mission in the City of Buffalo where it cares for and deals with the problems of homeless men and that, to support such work, it engages in door-to-door soliciting campaigns distributing religious literature and requesting contributions. It also claims that on September 12, 1972 the Town of Irondequoit granted two of its members a permit to make solicitations but later that same day in spite of the issuance of the valid permit the town police ordered petitioner's solicitors to cease their activities and to "get out of town." Respondents moved to dismiss the proceeding, questioning the petitioner's status as a religious corporation and contending that, although a permit was granted to petitioner, it was conditioned upon the basis that its solicitors refrain from disturbing the peace and tranquility of the town, and many private citizens had made complaints against them of harassment. Petitioner failed to name the Town of Irondequoit as a party and to set forth the ordinances claimed to be unconstitutional. A license, in fact, was issued to it and, in any event, it has not shown that it was adversely affected by such ordinances. Thus it has no basis for an attack upon them as being unconstitutional (*Fleming* v. *Rhodes*, 331 U. S. 100; *Federation of Labor* v. *McAdory*, 325 U. S. 450; *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387; *Vroman* v. *Fish*, 181 App. Div. 502, affd. 223 N. Y. 540). However, questions of fact were presented as to whether petitioner was a religious corporation and whether the conduct of its solicitors justified the action of the police in stopping solicitations (CPLR 7804, subd. [h]). (Appeal from judgment of Monroe Special Term dismissing article 78 proceeding to enjoin interference with activities.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.