■ In the Matter of VICTOR KARAS et al., Children Alleged to be Neglected. HELEN KARAS, Appellant.—Order unanimously affirmed, without costs. Memorandum: This is a proceeding brought by the Erie County Department of Social Services to terminate permanently respondent widow's parental right to the custody of her four children. The Family Court sustained the permanent neglect petition and ordered that the respondent's custodial right be terminated permanently and awarded the custody of her children to petitioner. Respondent contends on appeal that the proof fails to establish by a preponderance of the evidence that she was financially and physically able either to maintain contact with or to plan for the future of her children. The assertion of financial inability clearly lacks merit. Although respondent was a recipient of public assistance, she could have made arrangements to visit and communicate with her children (see *Matter of Orzo,* 84 Misc 2d 482, 484, n 4; see, also, *Matter of Clear,* 65 Misc 2d 323, 327). Similarly, there is no physical incapacity suggested in this record which would have interfered with some exercise of parental concern and responsibility. Despite the consideration accorded respondent's limited mental faculties, the finding of Family Court that she was physically able is adequately supported. It is also claimed that the efforts of petitioner to encourage and strengthen the parental relationship failed to constitute "diligent efforts" as required by statute (Family Ct Act, § 614, subd 1, par [c]). There are, of course, no defined actions which an agency must take in every case to satisfy the statutory mandate. The efforts should, however, be adapted to the particular circumstances and designed to effectuate the parental relationship (see *Matter of Klug,* 32 AD2d 915; see, also, Gordon, Terminal Placements of Children and Permanent Termination of Parental Rights: The New York Permanent Neglect Statute, 46 St John's L Rev 215, 239). Here, petitioner's social worker testified that he was assigned to the case in April, 1974. He made arrangements with respondent to visit the children that same month but she failed to appear. Similar arrangements were made the following month and again respondent did not keep the appointment. The social worker visited respondent about once a month during 1974, and encouraged her to visit the children and make some plans for their return; he also offered to bring the children to his office for visits. Unfortunately, his entreaties were unsuccessful. By respondent's own testimony, the only time that she saw her children between January, 1974, the time of the placement, and February, 1976, the time of the commencement of this proceeding, was in February, 1974. Moreover, she made no arrangement for any regular telephone contact with them, nor did she write to them. Although the social worker stopped visiting respondent in May, 1975, the efforts to re-establish a parental relationship were of adequate duration and the chance that continued efforts would be productive, in view of respondent's almost total unresponsiveness, was minimal. While the agency

may have taken additional action to encourage respondent to demonstrate some sense of parental responsibility, its failure to have done so does not invalidate the finding of Family Court. Where the social problems and history of the mother's past neglect indicate a bleak future for the children "we must not get lost in an analysis of the niceties of the precise degree of required diligence of effort" *(Matter of Ray A. M. [Sugarman],* 48 AD2d 161, 164, affd 37 NY2d 619). (Appeal from order of Erie County Family Court—neglect.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.