■ In the Matter of WILLIAM MICHAEL A. and Another, Alleged to be Permanently Neglected Children. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALLY A., Appellant.—Appeal from an order of the Family Court of Chenango County, entered April 17, 1978, which adjudged that appellant's children were permanently neglected, permanently terminated the parental rights of appellant and the natural father, and awarded custody of the children to the petitioner. Appellant and the natural father were married on July 26, 1969 and three children were born of the union. The subject marriage had a stormy existence which resulted in separation in 1973, and the children resided at various times with their parents or with their paternal grandmother, while being generally under the supervision of the Chenango County Department of Social Services (department). Ultimately, in March of 1974, the children were placed in foster care by court order and they have remained in foster care since that time. With these circumstances prevailing, on December 7, 1977 the department commenced the instant proceeding, pursuant to section 384-b of the

Social Services Law, to have the children adjudged to be permanently neglected. Following a hearing, the court ruled that they were permanently neglected and that it was in their best interests that the custody rights of their natural parents be permanently terminated. Accordingly, by order entered April 17, 1978 in Chenango County, the court awarded custody of the children to the department, and the natural mother of the children now appeals. Initially, we find that the children were properly adjudged to be permanently neglected in that their natural parents have failed to plan for their future welfare as statutorily required (see Social Services Law, § 384-b, subd 7, par [a]; Family Ct Act, § 614, subd 1, par [d]). During the many years that the children have been in foster care, their father has taken no action in this regard, and while appellant professes to have had plans to take the children back, her only formulated intention is to establish a home for them with her paramour whom she apparently will marry. Grave doubts are cast upon this course of action, however, by the fact that appellant had apparently been living with and caring for her paramour's four children for at least a year, when, on November 27, 1977, those children were also adjudged to be permanently neglected. Under these circumstances, even though the natural parents maintained regular contact with their children through monthly visits to the children's foster homes and even though appellant may strongly desire to provide the children with a home, the court's finding of permanent neglect and award of custody to the department is plainly justified and should be sustained *(Matter of Orlando F.,* 40 NY2d 103). In so holding, we would further note that, in making its determination, the court gave due consideration to appellant's limited education and other resources, including the fact that she has generally had no income other than public assistance (cf. *Matter of John W.,* 63 AD2d 750). Moreover, while the department might conceivably have taken additional steps to strengthen the parental relationship between appellant and her children, its actions were not so deficient as to invalidate the Family Court's ruling. Considering the many years during which the children have been apart from appellant and the progress they have made in foster care, as well as the troubled history of the natural parents, we can only conclude that the best interests of the children mandate an affirmance of the order appealed from (cf. *Matter of Karas,* 59 AD2d 1022, mot for lv to app den 43 NY2d 646). Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.