■ In the Matter of ROSANNE SNYDER, Appellant-Respondent. SENECA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent-Appellant. — Order unanimously affirmed, without costs. Memorandum: At the time of the hearings to determine whether respondent's children were permanently neglected, the requisite standard of proof was preponderance of the evidence. However, the Supreme Court recently declared this standard of proof unconstitutional when applied to cases involving permanent termination of parental rights (*Santosky v Kramer,* __ US __, 50 USLW 4333). Therefore, we must give effect to the law, as it presently exists (*People v Loria,* 10 NY2d 368) and apply the higher standard of proof to the evidence offered at the hearing (see *Matter of Keith C.,* 36 AD2d 712; *Matter of Arthur M.,* 34 AD2d 761). Petitioner has proved by clear and convincing evidence that respondent failed "substantially

and continuously or repeatedly" to maintain contact with the children and that the agency was diligent in its efforts to encourage and strengthen the parental relationship (Social Services Law, § 384-b, subd 7, par [a]). Respondent is the 23-year-old mother of four children. Three of respondent's children have been in the care of foster parents, pursuant to voluntary transfer agreements, since February 8, 1979. Petitioner, Seneca County Department of Social Services, filed a permanent neglect petition on March 14, 1980. Respondent visited the children five times while they were in the care of the foster parents. In the year prior to the hearings, respondent visited the children only twice. She also sent Christmas presents and Valentine cards. The record clearly demonstrates that respondent has failed substantially and continuously or repeatedly to maintain contact with her children. Evidence of insubstantial or infrequent contacts by a parent with his or her child is not sufficient as a matter of law to preclude a determination that such child is permanently neglected (Social Services Law, § 384-b, subd 7, par [b]). Furthermore, there is clear and convincing evidence that the agency exercised due diligence to encourage and strengthen the parental relationship by arranging visitation, offering transportation, referring respondent to counseling, tracking respondent down in order to consult with her and inform her of the children's progress and aiding her in formulating a plan for the children's future. Respondent, on the other hand, frequently changed residence without providing the agency with a forwarding address, thus making the agency's efforts much more difficult. Her failure to co-operate with the agency by attending counseling sessions or visiting the children also hampered the agency's efforts to strengthen the parental relationship. Respondent asserts that the statute is unconstitutional in that it fails to provide oral notification to parents of their right to an attorney and the possibility of permanent termination of their rights. However, respondent has offered no evidence that she is illiterate or could not understand the express written provisions of the agreement. As required by statute (Social Services Law, § 384-a, subd 2, par [c], cls [iv], [v]). These provisions informed her of her rights and the possibility that her parental rights could be terminated and the children placed for adoption by her failure to comply with the terms of the agreement. Therefore, respondent has failed to demonstrate that she was aggrieved or adversely affected by the statute and, thus, cannot raise this constitutional argument (see *America Rescue Workers v Wesley,* 43 AD2d 788). Furthermore, respondent has waived any due process argument concerning the procedures by which she voluntarily placed the children in the care of the agency. When the parties appeared in court to have the agreement approved, her attorney stated that respondent did not contend that any due process rights were violated by the procedure. Furthermore, she executed a second voluntary transfer agreement in the presence of an attorney after a full explanation of her rights under the agreement. Accordingly, we hold that respondent cannot assert the unconstitutionality of the statute and that she has waived any due process claim concerning the procedure under which she executed the voluntary transfer agreements. We further hold that the evidence of permanent neglect is clear and convincing. (Appeals from order of Seneca County Family Court, DePasquale, J. — permanent neglect.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.