■ In the Matter of JAMIE M. — Order reversed, without costs, and petition dismissed. Memorandum: The record in this case is insufficient to sustain a finding of permanent neglect by clear and convincing evidence. The basis for the petition is that respondents failed to plan for the future of the child. Before this failure can be elevated to permanent neglect, it must be shown that the parents were physically and financially able to plan for the future of the child and failed to do so "notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law, § 384-b, subd 7, par [a]). The infant suffers from serious physical afflictions which require significant care, care which is provided in her foster home. At the time of the hearing, it was clear that respondents could not offer her the same quality of care. However, termination of parental rights does not hinge upon a comparison of the relative benefits offered a child by his natural family to those offered by the foster family, nor upon an evaluation of the best interests of the child (*Matter of Leon RR*, 48 NY2d 117, 124). In seeking termination of respondents' rights, petitioner has primarily relied upon the parents' lack of a permanent residence and steady employment, their marital discord and their deficiency in attending to the delicate needs of the child. No claim has been made nor was any proof offered that the parents failed to maintain substantial contact with the child. The statute requires that respondents formulate a feasible plan not only for the future of the child but for themselves (*Matter of Orlando F.*, 40 NY2d 103, 110). However, the adequacy of the parents' plan must not be evaluated with reference to unrealistically high standards but must be looked at with a pragmatic view toward the capabilities of the parents (*Matter of Leon RR, supra*, p 125). On the record before us, we are unable to conclude that the agency made diligent efforts to aid respondents in remedying the very conditions on which petitioner relies in support of these proceedings. Given their limited resources and abilities, we cannot say that respondents so failed in attempts to make future plans for themselves and their child that they permanently neglected their child. Concur — Dillon, P. J., Doerr, Boomer and Moule, JJ.

Callahan, J., dissents and votes to affirm in the following memorandum: I do not concur. The record clearly demonstrates that respondents have failed for a period of more than one year following the date the child was placed in foster care substantially and continuously or repeatedly to plan for the future of the child, although physically and financially able to do so, notwithstanding petitioner's diligent efforts to encourage and strengthen the parental relationship (Social Services Law, § 384-b, subd 7, par [a]). Petitioner has proved by clear and convincing evidence that although the parents did maintain a certain amount of contact with the child, they were not co-operative with various officials who attempted by letter and personal contact to plan and assist them in carrying out a plan contemplated to return the child to them. While petitioner may have taken additional action to encourage respondents to demonstrate some sense of parental responsibility, its failure to have done so does not invalidate the findings of Family Court (*Matter of Karas*, 59 AD2d 1022, 1023, mot for lv to app den 43 NY2d 646). The record also reveals that there has been limited co-operation with officials from the Department of Social Services in the Counties of Livingston and Steuben when efforts were made to be of assistance. I find that an appropriate plan was prepared and reasonable attempts were made to assist, develop and encourage a meaningful parental relationship. Respondents, although aware of the consequences of

their failure to assist in development of the plan, failed to establish an adequate plan. Accordingly, the order of Family Court should be affirmed (see *Matter of Snyder,* 88 AD2d 772; *Matter of Roderick W.,* 96 AD2d 746). (Appeal from order of Yates County Family Court, Dugan, J. — Social Services Law, § 392.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.

