■ In the Matter of RODERICK W. — Order unanimously affirmed, without costs. Memorandum: Although Family Court found that permanent neglect on the part of respondent had been established by a fair preponderance of the evidence, we are empowered to review the record on appeal under the constitutional standard of clear and convincing evidence announced in *Santosky v Kramer* (455 US 745) without the necessity of an automatic remittal for a new hearing by Family Court under that standard (*Matter of Michael B.,* 58 NY2d 71; see, also, *Matter of Snyder,* 88 AD2d 772). Our review of the record establishes that petitioner has proved by clear and convincing evidence respondent's failure to "substantially and continuously or repeatedly" maintain contact with her child and the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law, § 384-b, subd 7, par [a]). The child has been in foster care since March, 1977. During this protracted period respondent only sporadically visited him. Rather than availing herself of every opportunity to see him, she has repeatedly missed appointments to visit and has allowed weeks, and even months, to pass without seeing him. More importantly, however, the record shows that she rarely, if ever, participated in his care and made little, if any, effort to develop a parental relationship with him. A visit or communication by a parent with the child which is of such character as to demonstrate overtly a lack of affectionate and concerned parenthood is not "a substantial contact" (Social Services Law, § 384-b, subd 7, par [b]). Evidence of insubstantial or infrequent contacts by a parent with his or her child permits a determination that such child is permanently neglected (Social Services Law, § 384-b, subd 7, par [b]; see *Matter of Snyder, supra*). Respondent's testimony of frequent and substantial visits with her child was contradicted by the foster mother. It was the prerogative of Family Court, which saw and heard the witnesses, to credit the foster mother's testimony. Furthermore, there is clear and convincing proof that the agency reasonably attempted "to assist, develop and encourage a meaningful relationship" between respondent and her child by scheduling marriage counseling, psychiatric counseling and parenting classes for her, by

meeting with her on many occasions to discuss and schedule visitation and plans for the future and the eventual return of Roderick, and by offering her any help that she needed (see Social Services Law, § 384-b, subd 7, par [f]). The agency repeatedly warned her that she must visit her child regularly and participate in his care and interact with him if a good relationship was to develop between them. In view of this determination, whether respondent's failure to plan for the child's future was established by clear and convincing evidence is immaterial (see *Matter of Orlando F.,* 40 NY2d 103, 109-110). The other issues raised by respondent are found to be without merit. (Appeal from order of Monroe County Family Court, Bonadio, J. — permanent neglect.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.