# THIRD DEPARTMENT, MAY, 1984

## (May 3, 1984)

■ In the Matter of RONALD YY. et al., Alleged to be Permanently Neglected Children. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent;

HATTIE YY., Appellant. — Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered November 18, 1981, which adjudicated respondent's children to be permanently neglected and ordered guardianship and custody rights to petitioner for the purpose of adoption. ¶ Respondent is the natural mother of the three children (born 1969, 1970 and 1973) who are the subjects of this proceeding. She was married to the father of the children and they resided together until he abandoned them in 1975. Respondent moved to the City of Ithaca, Tompkins County, in 1976 and the children have been in and out of foster care since that time. After moving to Ithaca with the children, respondent took up residence with a man who drank heavily and who abused respondent and the children. Respondent also drank heavily, and it was this fact, along with inappropriate supervision, housing and hygiene, that led to the removal of the children from the home in July of 1978. They have not been returned to respondent's custody since that time. ¶ Petitioner attempted to counsel respondent and, in particular, tried to arrange professional counseling for her alcohol problem. Visitation was also scheduled, although, subsequent to March of 1979, such visitation was pursuant to court order and against petitioner's judgment. A permanent neglect petition was filed with Family Court in September of 1979 after respondent failed to cooperate with her counseling program. After a brief period of improvement, respondent abandoned her counseling program in March of 1980. ¶ In May of 1980, Family Court adjourned the proceeding for six months to allow respondent one last chance. In December of 1980, after respondent failed to improve, Family Court commenced hearings on the permanent neglect proceeding. By decision dated August 28, 1981, Family Court determined that the children had been permanently neglected (Social Services Law, § 384-b, subd 4, par [d]) and the children were placed with petitioner for the purpose of adoption. This appeal by respondent ensued. ¶ Initially, we note that Family Court, having decided this matter prior to the decision of the United States Supreme Court in *Santosky v Kramer* (455 US 745), employed, as the standard of proof, a fair preponderance of the evidence. In *Santosky v Kramer (supra)*, this standard was ruled to be unconstitutional and the more rigorous standard of clear and convincing evidence was mandated. This does not require reversal, however, since, when a plenary hearing has been conducted, this court is authorized to review the sufficiency of Family Court's determination under the clear and convincing evidence standard (*Matter of Candie Lee W.*, 91 AD2d 1106, 1107). ¶ A permanently neglected child is one: "who is in the care of an authorized agency and whose parent * * * has failed for a period of more than one year following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so" (Social Services Law, § 384-b, subd 7, par [a]). Petitioner need not establish both a failure to maintain contact and a failure to plan since "a finding of a failure to plan, in and of itself, suffices to support a determination of permanent neglect" (*Matter of Orlando F.*, 40 NY2d 103, 110; *Matter of Jennifer VV.*, 99 AD2d 882). Since petitioner has not alleged that respondent failed to maintain contact with her children, the relevant issue is whether she failed to plan for their future. ¶ Respondent contends that the evidence in the record demonstrates that she decreased her drinking and terminated her relationship with the individual who had abused both her and the children, and that these actions constituted planning for the future of the children. We disagree. The removal of patently destructive tendencies in a parent's life is certainly a first step in planning for the future of young children. However, it can hardly be said that such action is sufficient in and of itself (see *Matter of Leon RR.*, 48 NY2d 117, 125). The record reveals a failure to plan for the financial,

educational and housing needs of the children. Such planning must, of course, take into account the financial ability of the parent (Social Services Law, § 384-b, subd 7, pars [a], [c]). While respondent is not well off financially, this situation did not prevent her from developing realistic and feasible plans for the future of the children (see *Matter of Leon RR., supra*). Thus, we find that clear and convincing evidence supports the conclusion that respondent failed to plan for the future of the children. ¶ Respondent also argues that petitioner failed to exercise diligent efforts to encourage and strengthen the parental relationship as required by statute (Social Services Law, § 384-b, subd 7, pars [a], [f]). In particular, respondent contends that petitioner's efforts were directed solely toward treatment for alcoholism yet failed to obtain the appropriate psychological and psychiatric evaluations. Respondent also contends that petitioner failed to provide counseling in areas other than alcoholism. Petitioner contends that, while it is true that respondent had problems other than alcohol abuse, the alcohol problem was primary and had to be dealt with first. An agency is required to "mold its efforts in the context of and in recognition of a parent's individual situation" (*Matter of Anita PP,* 65 AD2d 18, 22). Such efforts "may encompass, under the appropriate circumstances, a duty on the part of the agency to direct the natural parent toward * * * treatment designed to remedy the obstacles barring family reunification" (*Matter of Star A.,* 55 NY2d 560, 564). In the instant case, the evidence indicates that respondent clearly had an alcohol problem and it was certainly appropriate for petitioner to conclude that such problem required prompt priority attention. Petitioner devised several programs for respondent and it was respondent who chose to abandon those programs. In our view, the record supports, by clear and convincing evidence, the conclusion that petitioner made diligent efforts to encourage and strengthen the parental relationship. ¶ Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.