■ In the Matter of the Guardianship of the C. CHILDREN, Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; DELMA B., Appellant.—Orders of the Family Court, New York County (Sheldon Rand, J.), entered April 19, 1989 and January 16, 1990, finding that the subject children had been permanently neglected and terminating the respondent's parental rights, unanimously affirmed, without costs.

The agency established by clear and convincing evidence that it embarked on a diligent course to reunite the respondent and her sons. Visitation was promoted, and the agency made affirmative, repeated and meaningful efforts to assist the respondent in overcoming her lack of parenting skills, and in

understanding of her children's physical and developmental problems. *(Matter of Sheila G.,* 61 NY2d 368.) While the record does not show that the agency helped the respondent find suitable housing, the agency did not act unreasonably by focusing on the more pressing need to equip the respondent with the skills needed to care for her children. *(Cf., Matter of Ronald YY.,* 101 AD2d 895, 897.)

The agency also established that the respondent did not "plan for" (Social Services Law § 348-b [7] [a]) the children's future. Despite the agency's efforts, the respondent did not make a meaningful attempt to learn how to address the boys' special needs. *(Cf., Matter of Orlando F.,* 40 NY2d 103, 110.) Rather respondent resisted the agency's efforts, claiming that she was not ready for the children's return.

The respondent is a person of limited resources, but her claim that the agency made unreasonable demands on her time is not borne out by the record. *(Cf., Matter of Jamie M.,* 63 NY2d 388, 394-395.) Rather the agency reasonably focused on Delma B.'s inability to understand or cope with the children's condition, the very circumstance that led to their placement. *(Cf., Matter of Wise Servs. [Febra],* 135 AD2d 385.) Instead of seizing the opportunity to equip herself with the requisite skills, the respondent took advantage of the period of placement to avoid the need to address her deficit in parenting skills. Her proffered excuse, depression, did not relieve her of her obligation to plan. *(Matter of Hime Y.,* 52 NY2d 242, 251.) Moreover the best interest of the children is appropriately taken into account in considering whether the agency fulfilled its obligation to Delma B. *(Matter of Jamie M., supra,* at 394.)

Freeing the boys for adoption also serves their best interests. *(Cf., Matter of Star Leslie W.,* 63 NY2d 136, 147-148.) Adoption will ensure that they will receive the extra attention and special care that their hydrocephalus demands. The respondent's alternative request for a suspended judgment is meritless. Although she expressed her love for her children, her hope that her boyfriend would help her provide the kind of supervision that the boys' condition demands is on this record unrealistic. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.