■ In the Matter of MICHAEL M., a Child Alleged to be Neglected. DENISE M., Appellant; LITTLE FLOWER CHILDREN'S SERVICES, Respondent.—Final order of disposition, Family Court, New York County (Sheldon Rand, J.), entered March 6, 1989, terminating respondent's parental rights and awarding custody and guardianship of the child Michael M. to the New York City Commissioner of Social Services and petitioner for the purpose of adoption, which order followed a fact-finding determination on January 9, 1989 that respondent had permanently neglected her child, unanimously affirmed, without costs.

The subject child was born addicted to cocaine on April 14, 1987. The child has resided in foster care since birth, having been placed with the pre-adoptive foster parents at the age of two months.

The credible evidence at the fact-finding hearing demonstrates that respondent permanently neglected her child and that petitioner used sufficient diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]; *Matter of Jamie M.,* 63 NY2d 388, 390). Despite petitioner's efforts to assist respondent in drug rehabilitation and to encourage visitation, respondent remained uncooperative and did not seriously address her drug problem or recognize her responsibility to visit the child. An agency "is not charged with a guarantee that the parent succeed in overcoming his or her predicaments. Indeed, an agency that has embarked on a diligent course but faces an utterly un-cooperative or indifferent parent should nevertheless be deemed to have fulfilled its duty" *(Matter of Sheila G.,* 61 NY2d 368, 385). Petitioner properly aimed its diligent efforts at eliminat-

ing the root cause of respondent's problems, her drug addiction *(see, Matter of Ronald YY.,* 101 AD2d 895, 897). The record also sustained a finding that respondent failed to maintain suitable contact with or plan for the future of the child *(Matter of Star Leslie W.,* 63 NY2d 136, 142-143).

Finally, the court properly determined that the best interests of the child required termination of parental rights to allow adoption by the foster parents *(Matter of Star Leslie W., supra).* Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.