■ In the Matter of VICTORIA B. and Another, Children Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORRAINE B., Appellant.—In two proceedings pursuant to Social Services Law § 384-b to adjudicate Victoria B. and Lonsdale B. permanently neglected children and terminate the mother's parental rights, the mother appeals from two orders of fact-finding and disposition of the Family Court, Westchester County (Tolbert, J.) (one as to each child), both dated June 26, 1990, which, after a fact-finding hearing, and upon the admissions of the appellant, and after a dispositional hearing, granted the petitions.

Ordered that the orders are affirmed, without costs or disbursements.

The evidence adduced at the dispositional hearing supports the court's determination that the best interests of the children would be served by a termination of the mother's parental rights. At the fact-finding hearing, the mother admitted that, during the period of June 1987 through July 1988, she had failed to plan for the future of her children, despite her physical and financial ability to do so. In addition, the mother admitted that during that same period, she had failed to utilize the alcohol rehabilitative services made available by the Westchester County Department of Social Services. Such an admission is sufficient to support the termination of the mother's parental rights for permanent neglect (see, Matter of Star Leslie W., 63 NY2d 136). The mother's subsequent sporadic visits with her children were insufficient to establish

that she had developed a plan for her children's future *(see, Matter of Star Leslie W., supra).* Further, since the evidence at the dispositional hearing established that the mother had not made any progress in overcoming her problem with alcohol or her ability to tolerate regular visits with her children, we agree with the court's determination that the termination of parental rights, as opposed to prolonged foster care, was in the children's best interest.

Finally, in light of the mother's "unexcused, unexplained, and persistent lack of cooperation" in appearing for court dates, we find that the court did not err when it conducted the dispositional hearing in the mother's absence *(see, Matter of Kawaun Sharleke W.,* 121 AD2d 729). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.