■ In the Matter of ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JEREMY MYLES P., Respondent, v JOANN P., Appellant. [600 NYS2d 259] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights, the mother appeals from a fact-finding order and order of disposition (one paper) of the Family Court, Orange County (Ludmerer, J.), entered September 17, 1992, which, after a hearing, adjudged the child to be permanently neglected and terminated the mother's parental rights.

Ordered that the order is affirmed, without costs or disbursements.

Under Social Services Law § 384-b (7), a child whose parent has failed to plan for the future of the child, although physically and financially able to do so, and notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship, may be deemed to be a permanently neglected child. A parent's obligation to plan for the future of the child requires a parent, at a minimum, to " 'take [the] steps to correct the conditions that led to the removal of the child from [the] home' " *(Matter of Nathaniel T.,* 67 NY2d 838, 840, quoting from *Matter of Leon RR,* 48 NY2d 117, 125). In other words, a parent is required to address and overcome the "specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child" *(Matter of Tammy B.,* 185 AD2d 881, 882).

In the instant case, the record supports the Family Court's determination that Jeremy was permanently neglected within the meaning of Social Services Law § 384-b. The appellant's testimony at the fact-finding hearing established that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the appellant had recurring bouts of alcoholism despite an earlier court order, entered on her consent, that she remain alcohol-free. The appellant admitted

that on two occasions she required in-patient alcoholic rehabilitation, the last such occasion requiring a stay of over four months in 1992. Thus, her conceded failure to overcome her alcohol abuse problem, which had initially led to the removal of Jeremy from her custody two years previously, was sufficient to support a finding that she had failed to plan for the child's future (see, Matter of Regina M. C., 139 AD2d 929; see also, Matter of Victoria B., 185 AD2d 811; Matter of William Michael A., 70 AD2d 1007).

Moreover, although the appellant maintained regular visitation with Jeremy and had made progress in other areas, her failure to overcome her alcohol abuse and to plan for Jeremy's future supported the disposition terminating her parental rights (see, Matter of Victoria B., supra; Matter of Lisa L., 117 AD2d 931; Matter of William Michael A., supra), especially in light of the strong bonding between Jeremy and his foster family, with whom he had lived for almost the entirety of his young life (see, Matter of Dawntal Danielle C., 170 AD2d 375), and the evidence that the foster parents were addressing Jeremy's special problems (see, Matter of C. Children, 170 AD2d 254). Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.