◼ In the Matter of St. VINCENT'S SERVICES, INC., on Behalf of JOSEPH BERNARD H., Respondent, v JEAN H., Appellant. [621 NYS2d 664] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Esquirol, J.), dated July 30, 1992, as, upon a fact-finding determination of the same court dated February 28, 1992, made after a hearing, finding that the child had been permanently neglected, terminated her parental rights. The appeal from the order of disposition brings up for review the fact-finding determination dated February 28, 1992.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the record of the fact-finding hearing supports the Family Court's determination

that the child was permanently neglected within the meaning of Social Services Law § 384-b. The testimony elicited at the fact-finding hearing establishes, *inter alia,* that the parties implemented a plan by which the mother would regain custody of the child upon, *inter alia,* her successful completion of programs for treating her alcohol abuse (which had led to the removal of the child from her custody) and for instruction in parenting skills; her regular attendance at prearranged, bi-weekly visits with the child; and her securing of adequate housing and a stable source of income. However, the mother had recurring bouts of alcoholism and her attendance at the prearranged visits with the child was, at best, sporadic. Accordingly, there is clear and convincing evidence that the mother "substantially and continuously or repeatedly" failed to maintain contact with the child or to plan for the child's future *(see,* Social Services Law § 384-b [7] [a]; *see, e.g., Matter of Orange County Dept. of Social Servs. v Joann P.,* 195 AD2d 512; *Matter of Victoria B.,* 185 AD2d 811; *Matter of Sonia H.,* 177 AD2d 575).

Moreover, although the mother made progress with respect to certain of the components of her plan to regain custody of the child, her failure to overcome her alcohol abuse and to plan for the child's future support the disposition terminating her parental rights *(see, Matter of Orange County Dept. of Social Servs. v Joann P., supra; Matter of Victoria B., supra).* This is so, particularly in light of the testimony adduced at the dispositional hearing that there is strong bonding between the child and his foster parents, with whom he has lived for almost his entire life, and that the foster parents are addressing the child's special problems *(see, Matter of Orange County Dept. of Social Servs. v Joann P., supra; Matter of C. Children,* 170 AD2d 254).

We have examined the mother's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Joy and Hart, JJ., concur.