■ In the Matter of MALDRINA R. SONYA R., Appellant; ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [631 NYS2d 742] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights, the mother appeals from (1) a fact-finding order of the Family Court, Rockland County (Warren, J.), dated December 16, 1992, which found that she had permanently neglected her child, and (2) a dispositional order of the same court, dated December 29, 1993, which, after a hearing, terminated her parental rights.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appeal from the fact-finding order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order of disposition in the proceeding (cf., Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the fact-finding order are brought up for review and have been considered on the appeal from the order of disposition.

Pursuant to Social Services Law § 384-b (7), a child is deemed to be permanently neglected if the child's parent fails to plan for the child's future, although physically and financially able to do so, and notwithstanding the social service agency's diligent efforts to strengthen the child-parent relationship. At a minimum, a parent's duty to plan for the future of his or her child requires the parent to correct the problems that led to the child being removed from the parent's care (see, Matter of Nathaniel T., 67 NY2d 838, 840; Matter of Leon RR, 48 NY2d 117, 125).

In the instant case, the record supports the Family Court's determination that the appellant's daughter was permanently neglected within the meaning of the statute in light of the appellant's failure to overcome her drug addiction which was the original reason the child was taken from the appellant and placed in foster care (see, Matter of Orange County Dept. of Social Servs. [Jeremy Myles P.] v Joann P., 195 AD2d 512, 513). The appellant has failed to correct the very condition that led to the removal of her daughter from her care. The appellant's

failure to overcome her drug abuse problem was sufficient to support a finding that she failed to plan for her daughter's future *(see, Matter of Orange County Dept. of Social Servs. [Jeremy Myles P.] v Joann P., supra).*

Furthermore, termination of the appellant's parental rights was in the child's best interest, given the strong bonding between the child and the foster family, with whom she has lived for all but the first few days of her life, and the foster family's nurturing and loving relationship with the child.

Moreover, although the appellant attended several drug programs, regularly visited her daughter, and made progress in other areas of her life, in light of the appellant's failure to overcome her drug addiction, and her subsequent arrest and incarceration on drug possession charges, the termination of the appellant's parental rights is in the best interest of the child *(see, Matter of Orange County Dept. of Social Servs. [Jeremy Myles P.] v Joann P., supra; Matter of Victoria B.,* 185 AD2d 811, 812).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.