■ In the Matter of LAMEEK L. DESIREE L., Appellant, JEWISH CHILD CARE ASSOCIATION, Respondent. [640 NYS2d 600] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of Desiree L., the appeal is from an order of the Family Court, Richmond County (Clark, J.), dated May 16, 1994, which, after a fact-finding hearing, *inter alia,* terminated her parental rights.

Ordered that the order is affirmed, without costs and disbursements.

The petitioner Jewish Child Care Association (hereinafter

the agency) has met its burden of establishing by clear and convincing evidence that it used diligent efforts to encourage and strengthen the parental relationship, and that the mother has permanently neglected her son Lameek by failing to plan for the future (*see, Matter of Sonia H.,* 177 AD2d 575; *Matter of Michael M.,* 172 AD2d 152). It was appropriate for the agency to primarily focus its attentions upon the mother's drug abuse problem, which was the main obstacle to her reunification with the child (*see, Matter of Sonia H., supra; Matter of Ronald YY.,* 101 AD2d 895). The mother's repeated failure to complete a drug program or parenting skills class over the course of several years evidenced her failure to plan for the child's return (*see, Matter of Sonia H., supra; Matter of Michael M., supra).* In addition, the Family Court acted within its discretion by refusing to suspend judgment (*see,* Family Ct Act § 631).

We further find that the admission of the mother's drug treatment records was not improper under Federal and State law (*see,* 42 USC former § 290ee-3; Mental Hygiene Law § 23.05). Although limited portions of the petitioner's records were admitted in error, we find that this error was harmless (*see,* CPLR 2002). Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.