■ In the Matter of NATANYA SHARAY G., a Child Alleged to be Permanently Neglected. MONICA G., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [648 NYS2d 932] —In a proceeding pursuant to Social Services Law § 384-b, to terminate the parental rights of Monica G. based on permanent neglect, the appeal is from an order of disposition of the Family Court, Kings County (Yancy, J.), dated September 23, 1994, which, after fact-finding and dispositional hearings, terminated her parental rights and

committed her child to the custody of the petitioner for the purposes of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that at the fact-finding hearing, which she did not attend, the child-care agency failed to prove by clear and convincing evidence that it had made diligent efforts to encourage and strengthen the parental relationship as required by Social Services Law § 384-b (7) (a) and (f). Initially, we note that since the appellant never moved to vacate her default at the fact-finding hearing, after which the court found that the "child in question [wa]s a permanently neglected child", she is barred from raising the issue on appeal, given that the proper procedure is to move to vacate the default and, if necessary, appeal from the denial of that motion (*see, Matter of Tara O.*, 213 AD2d 753; *Matter of Geraldine Rose W.*, 196 AD2d 313, 315; *Matter of Ashley X.*, 200 AD2d 911).

In any event, the petitioner, the Commissioner of Social Services of the City of New York, has met its burden of establishing by clear and convincing evidence that, despite its diligent efforts to encourage and strengthen the parental relationship, the mother had permanently neglected her daughter, Natanya, by failing to make plans for her future (*see, Matter of Lameek L.*, 226 AD2d 464; *Matter of Sonia H.*, 177 AD2d 575; *Matter of Michael M.*, 172 AD2d 152). The mother's repeated failure to complete a drug rehabilitation program over the course of several years evidenced her failure to plan for her child's discharge to her custody.

Furthermore, termination of the mother's parental rights was in the child's best interest, given the strong bonding between the child and the foster family, with whom she has lived since her birth, the appellant's failure to visit her child regularly, and the appellant's failure to complete drug rehabilitation programs after numerous attempts (*see, Matter of Maldrina R.*, 219 AD2d 723; *Matter of Donald LL.*, 210 AD2d 768, 769). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.