■ In the Matter of LEAKE & WATTS SERVICES, on Behalf of BRANDON W., a Child Alleged to be Neglected, Respondent. EDDILEANE B., Also Known as EDDILEANE W., Appellant. (Proceeding No. 1.) In the Matter of LEAKE & WATTS SERVICES, on Behalf of OBAZINE COURTNEY W., a Child Alleged to be Neglected, Respondent. EDDILEANE B., Also Known as EDDILEANE W., Appellant. (Proceeding No. 2.) [693 NYS2d 608] —In related proceedings pursuant to Social Services Law § 384-b to adjudicate the subject children to be permanently neglected and to terminate parental rights, the mother appeals from two orders of disposition of the Family Court, Kings County (Ambrosio, J.), both dated October 1, 1996, which, after a fact-finding hearing, *inter alia,* terminated her parental rights as to the children Brandon W. and Obazine Courtney W., respectively, on the ground of neglect and transferred custody and guardianship of them to the petitioner.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The evidence in the record does not demonstrate that it is in the best interests of the children to be released to the custody of the mother. Despite the mother's recent entry into a drug rehabilitation program, her failure to complete such a program in the past despite many referrals by case workers, her failure to provide suitable housing, and her failure to maintain consistent visitation support the orders of disposition terminating her parental rights (*see,* Social Services Law § 384-b [7] [a]; *Matter of Orange County Dept. of Social Servs. [Jeremy Myles P.] v Joann P.,* 195 AD2d 512; *Matter of Tammy B.,* 185 AD2d 811). Moreover, the testimony adduced at the fact-finding hearing demonstrated the strong bonding between the children and the foster parents, with whom the children have lived with for six years in the company of their other two older siblings (*see, Matter of Nathaniel T.,* 67 NY2d 838; *Matter of St. Vincent's Servs. [Joseph Bernard H.] v Jean H.,* 211 AD2d 799).

The mother's remaining contention is without merit. Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.