■ In the Matter of JUANITA F., a Child Alleged to be Neglected. CATHOLIC GUARDIAN SOCIETY et al., Respondents; CISELIS F., Appellant. (Proceeding No. 1.) In the Matter of VIVIANA F., a Child Alleged to be Neglected. CATHOLIC GUARDIAN SOCIETY et al., Respondents; CISELIS F., Appellant. (Proceeding No. 2.) [740 NYS2d 343] —In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of two dispositional orders of the Family Court, Queens County (DePhillips, J.), both entered April 20, 2001 (one in each proceeding), as, after fact-finding and dispositional hearings, terminated her parental rights with respect to the children, and transferred custody and guardianship rights of the children to the Commissioner of Social Services and Catholic Guardian Society for purposes of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The evidence adduced at the fact-finding hearing supports the finding of permanent neglect of each child. The agency established by clear and convincing evidence that it made diligent attempts to strengthen the parent-child relationship, and that, despite its encouragement, the mother failed to maintain continuous contact with her children, who are now 15 and 8 years old, on a regular basis and failed to plan for their future (*see,* Social Services Law § 384-b; *Matter of Emmanuel B.*, 267 AD2d 114). Further, during the relevant time period, the mother failed to avail herself of the drug treatment necessary to enable her to regain custody of her children (*see, Matter of Jordan D.*, 271 AD2d 350).

In addition, the evidence adduced at the dispositional hearing demonstrated that the children's best interests would be served by terminating the mother's parental rights and freeing them for adoption by their foster parents, with whom they had bonded and expressed their desire to remain (*see, Matter of Sheila G.*, 61 NY2d 368; *Matter of Tiwana M.*, 267 AD2d 144; *Matter of Brandon W.*, 262 AD2d 644; *Matter of Maldrina R.*, 219 AD2d 723; *Matter of Desire Star H.*, 202 AD2d 582).

The mother's remaining contention is without merit. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.