■ In the Matter of ALEXIS LATOYA REVELL W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GERALDINE W., Appellant. [778 NYS2d 923]—In a proceeding, inter alia, pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), dated February 20, 2003, which, after fact-finding and dispositional hearings, and upon her default in appearing at the dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York.

Ordered that the appeal from so much of the order of fact-finding and disposition as terminated the mother's parental rights upon her default in appearing at the dispositional hearing is dismissed, without costs or disbursements, as no appeal lies from that portion of the order which was entered upon the mother's default (*see Matter of Vanessa M.,* 263 AD2d 542 [1999]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly determined that the petitioner established by clear and convincing evidence that despite its diligent efforts to encourage and strengthen the parental relationship, she permanently neglected the child by failing to maintain continuous contact with her on a regular basis and by failing to plan for her future (*see Matter of Rondale L.,* 247 AD2d 617 [1998]).

Since the mother did not appear at, and her attorney did not participate in, the dispositional hearing, that portion of the order which terminated her parental rights and freed the child for adoption was entered upon her default and is not appealable (*see Matter of Vanessa M., supra*). In any event, the evidence adduced at the dispositional hearing demonstrated that the child's best interests would be served by terminating the mother's parental rights and freeing her for adoption by her foster mother (*see e.g. Matter of Juanita F.,* 291 AD2d 496 [2002]). S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.