■ In the Matter of RYAN D. LOUISE WISE SERVICES et al., Respondents; NANCY D., Appellant. (Proceeding No. 1.) In the Matter of PAULA A. LOUISE WISE SERVICES et al., Respondents; NANCY D., Appellant. (Proceeding No. 2.) In the Matter of AMANDA D. LOUISE WISE SERVICES et al., Respondents; NANCY D., Appellant. (Proceeding No. 3.) In the Matter of NANCY A. LOUISE WISE SERVICES et al., Respondents; NANCY D., Appellant. (Proceeding No. 4.) In the Matter of JENNIFER KAKE A. LOUISE WISE SERVICES et al., Respondents; NANCY D., Appellant. (Proceeding No. 5.) [786 NYS2d 216]—

In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of five orders of fact-finding and disposition of the Family Court, Queens County (Bogacz, J.), all dated September 8, 2003 (one as to each child), made after a joint fact-finding and dispositional hearing, as, upon finding that she had permanently neglected each of the subject children, terminated her parental rights and transferred guardianship and custody of each of the subject children to the petitioner Louise Wise Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding of permanent neglect within the meaning of Social Services Law § 384-b (7) was established by clear and convincing evidence (see Social Services Law § 384-b [3] [g]; Matter of Crystal Marie D., 292 AD2d 382 [2002]; Matter of Juanita F., 291 AD2d 496 [2002]; Matter of Tiwana M., 267 AD2d 144 [1999]). Despite diligent efforts by the agency, the mother was unable to overcome her drug addiction. She enrolled in a number of drug rehabilitation programs, but failed to attend. The mother also failed to complete parenting classes and to procure appropriate housing for herself and her children.

Thus, she failed to plan for her children's future (*see Matter of Crystal Marie D., supra*). Further, the children's best interests would be served by terminating the mother's parental rights and freeing them for adoption (*see Matter of Juanita F., supra; Matter of Tiwana M., supra* at 145). Smith, J.P., Crane, Mastro and Skelos, JJ., concur.