■ In the Matter of CRAIG ROBERT B., JR., Also Known as CRAIG B., an Infant. ST. CHRISTOPHER-OTTILIE, Respondent; CRAIG B., SR., Appellant. [799 NYS2d 803]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Clark, J.), dated August 16, 2004, made after fact-finding and dispositional hearings, which found that he permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the petitioner St. Christopher-Ottilie and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

To establish permanent neglect as a basis for terminating parental rights, the petitioner was required to show that the parent "failed for a period of more than one year following the date [that the] child came into [its] care . . . substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; see Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Sheila G., 61 NY2d 368, 380 [1984]). Here, it was established by clear and convincing evidence that the petitioner made diligent attempts to strengthen the relationship between the father and the subject child and that, despite these efforts, the father remained either indifferent or uncooperative to correcting the conditions that led to the child's retention in foster care (see Matter of Anthony Christopher G., 18 AD3d 469 [2005]; Matter of Luno Scott A., 292 AD2d 602, 603 [2002]; Matter of Alicia Shante H., 245 AD2d 509 [1997]). In addition, the evidence adduced at the dispositional hearing demonstrated that the subject child's best interests would be served by terminating the father's parental rights and freeing him for adoption by his foster parents (see Matter of Anthony Christopher G., supra; Matter of Leake & Watts Servs., 262 AD2d 644 [1999]; Matter of Tiwana M., 267 AD2d 144 [1999]).

The father's remaining contentions are without merit. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.