■ In the Matter of T'CHALLAARKIESHA JANETTE JOUSLIN R.-D., Also Known as T'CHALIA D., Also Known as T'CHALLA R.-D., Also Known as T'CHALIA D. ANGEL GUARDIAN-ST. MARY'S CHILDREN AND FAMILY SERVICES, INC., Respondent; SHAVONNE R., Appellant. [808 NYS2d 755]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), dated May 28, 2004, which, after fact-finding and dispositional hearings, and upon her default in appearing at the dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject child to Angel Guardian—St. Mary's Children and Family Services, doing business as Mercy First and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeal from so much of the order of fact-finding and disposition as terminated the mother's parental rights upon her default in appearing at the dispositional hearing is dismissed, without costs or disbursements, as no appeal lies from that portion of the order which was entered upon the mother's default (*see Matter of Vanessa M.*, 263 AD2d 542 [1999]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly determined that the petitioner established by clear and convincing evidence that despite its diligent efforts to encourage and strengthen the parental relationship, she permanently neglected the child by failing to adequately plan for her future (*see Matter of Pleasant Edward G.*, 306 AD2d 409 [2003]; *Matter of St. Vincent's Servs. v Jean H.*, 211 AD2d 799 [1995]).

We agree with the Family Court that the evidence clearly and convincingly showed that, despite the petitioner's diligent efforts to reunite this family, the mother " 'gained no insight into [her] own behavior which had been so physically and emotionally damaging to the child[ ] and had required [her] removal' " (*Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986], quoting *Matter of Nathaniel T.*, 112 AD2d 692, 696 [1985]). Thus, clear and convincing evidence supports the Family Court's finding that, despite the agency's diligent efforts, the mother failed to address the problem created by her boyfriend which led to the child's placement (*see Matter of Pleasant Edward G., supra; Matter of Joseph Emmanuel N.*, 292 AD2d 295 [2002]).

Since the mother did not appear at, and her attorney did not participate in, the dispositional hearing, that portion of the order which terminated her parental rights and freed the child for adoption was entered upon her default and is not appealable (*see Matter of Vanessa M., supra; Matter of Alexis Latoya Revell W.*, 9 AD3d 368 [2004]). In any event, the evidence adduced at the dispositional hearing demonstrated that the child's best interests would be served by terminating the mother's parental rights and freeing her for adoption by her foster family (*see e.g. Matter of Juanita F.*, 291 AD2d 496 [2002]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.