■ In the Matter of COREY S., an Infant. NEW YORK FOUNDLING HOSPITAL et al., Respondents; ANGEL S., Appellant. (Proceeding No. 1.) In the Matter of ANGEL S., Appellant, v SANDRA I.V., Respondent, and ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. (Proceeding No. 2.) [975 NYS2d 906]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect and a related child custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of fact-finding and disposition (one paper) of the Family Court, Richmond County (Wolff, J.), dated October 11, 2012, which, after fact-finding and dispositional hearings, determined that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the subject child to the Administration for Children's Services and the New York Foundling Hospital for the purpose of adoption, and (2) an order of the same court dated September 17, 2012, which dismissed his petition for custody of the subject child.

Ordered that the order of fact-finding and disposition dated October 11, 2012, and the order dated September 17, 2012, are affirmed, without costs or disbursements.

The Family Court properly found that the father permanently neglected the subject child. The petitioner established by clear

and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). These efforts included facilitating visitation, providing the father with referrals for drug treatment programs and mental health evaluations and counseling, and repeatedly advising the father of the need to attend and complete such programs and submit to random drug screenings (see Matter of Sheila G., 61 NY2d 368 [1984]; Matter of Temple S.M. [Tricia M.], 97 AD3d 681 [2012]). Despite these efforts, the father failed to plan for the child's future by, inter alia, failing to cooperate with drug screenings, failing to complete a mental health evaluation and, following a court-ordered hair follicle drug test, testing positive for cocaine (see Matter of Carmine A.B. [Nicole B.], 101 AD3d 711 [2012]; Matter of Leon G., 7 AD3d 524 [2004]; Matter of Ronell Dashawn P., 296 AD2d 502 [2002]). Moreover, based on the evidence adduced at the dispositional hearing, the Family Court properly determined that it was in the best interests of the child to terminate the father's parental rights (see Matter of "Baby Boy" E., 42 AD3d 536 [2007]; Matter of Juanita F., 291 AD2d 496 [2002]; Matter of Alfred B., 212 AD2d 529 [1995]).

The father's remaining contentions are without merit. Dillon, J.P., Angiolillo, Roman and Sgroi, JJ., concur.