■ In the Matter of HASSON B. ANGEL GUARDIAN HOME, Appellant; LISA B., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [631 NYS2d 382] —In a proceeding pursuant to Social Services Law § 384-b to adjudicate Hasson B. a permanently neglected child and to terminate the mother's parental rights, the Angel Guardian Home appeals from an order of the Family Court, Kings County (Staton, J.), dated May 19, 1993, which, after a fact-finding hearing, dismissed the proceeding.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition to adjudicate Hasson B. to be a permanently neglected child is granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing in accordance herewith.

We agree with the appellant that it proved that it made diligent efforts to encourage and strengthen the parent-child relationship and that despite its efforts, the mother failed to maintain substantial contact with the child.

The child was born on July 24, 1987 with positive toxicology for cocaine. On October 3, 1989, pursuant to a court order, the child was placed in foster care. On June 20, 1990, the appellant identified four goals for the mother: (1) to consistently visit with the child; (2) to complete a drug rehabilitation program; (3) to attend a parental skills program; and (4) to obtain a GED certificate.

The mother had not visited the child from the time he was placed in foster care until May 25, 1990, despite repeated letters from, and several visits by, the appellant to the mother's residence to schedule the visits. Between May 25, 1990, and the date of the filing of this petition on August 16, 1991, there were 23 scheduled visits on the record. The mother visited the child 13 times, and of those 13 visits, the mother was, on an average, at least one hour late for the two-hour visits. Four scheduled visits were cancelled by the appellant because the child was ill. The remainder of the visits were either cancelled or missed by the mother. However, a parent-child relationship was reestablished to a certain degree in the 13 visits which did occur, but the mother failed to foster that relationship by not visiting the child between May 4, 1991, until September 17, 1991, after the appellant filed the petition.

The mother also failed to complete a drug rehabilitation program for lack of a Medicaid card. She claimed that she could not obtain Medicaid coverage because she could not afford the $25 fee to complete her public assistance application, which, once granted would automatically provide her with Medicaid coverage. This claim is disingenuous as there was testimony from an employee of the Department of Social Services that applicants for public assistance do not have to pay a $25 fee.

Based on the record, we conclude that the appellant met its burden of proving that the mother permanently neglected her child by failing to maintain sufficient contact with him, despite the appellant's diligent efforts to encourage and strengthen the parent-child relationship, and by failing to complete a drug rehabilitation program (see, Matter of Marcel F., 212 AD2d 705; Matter of Desire Star H., 202 AD2d 582, 584).

Upon a finding of permanent neglect, the matter must be remitted to the Family Court, Kings County, for the dispositional hearing, to be conducted as expeditiously as possible, to determine the best interests of the child (see, Family Ct Act §§ 623, 625 [a]; § 631). Mangano, P. J., Joy, Krausman and Florio, JJ., concur.