■ In the Matter of LEON G. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA G., Appellant. [776 NYS2d 77]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), dated June 23, 2003, which, after fact-finding and dispositional hearings, terminated her parental rights upon finding that she had permanently neglected the subject child and transferred custody and guardianship of her child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Although the Family Court found that the mother had permanently neglected her son, the mother correctly asserts that the Family Court failed to make findings of fact, as it failed to state the facts it deemed essential to its determination (*see* CPLR 4213 [b]; Family Ct Act § 625 [a]). Remittal, however, is not necessary because the record is sufficient for this Court to exercise its factual review power (*see Matter of Jose L.I.,* 46 NY2d 1024, 1025-1026 [1979]; *Matter of Kaitlyn R.,* 279 AD2d 912, 914 [2001]; *Matter of Minas v Shevlin,* 254 AD2d 420, 421 [1998]; Siegel, NY Prac § 380, at 617 [3d ed]).

The Family Court's finding of permanent neglect within the meaning of Social Services Law § 384-b (7) was established by clear and convincing evidence (*see Matter of Crystal Marie D.,* 292 AD2d 382 [2002]; *Matter of Juanita F.,* 291 AD2d 496 [2002]; *Matter of Tiwana M.,* 267 AD2d 144 [1999]). We find that despite diligent efforts by the Orange County Department of Social Services, the mother was unable to overcome her 12-year addiction to cocaine. She enrolled successively in a number of drug rehabilitation programs, but her attendance was poor. More importantly, she repeatedly relapsed. The mother also was unable to procure appropriate housing for herself and the child. Thus, she failed to plan for her child's future (*see Matter of Crystal Marie D., supra*). Further, the child's best interests would be served by terminating the mother's parental rights and freeing the child for adoption (*see Matter of Juanita F., supra; Matter of Tiwana M., supra* at 145). Smith, J.P., Krausman, Crane and Mastro, JJ., concur.