◼ In the Matter of "FEMALE" W., Also Known as PAULETTE W. ST. VINCENT'S SERVICES, INC., et al., Respondents; JEANETTE W., Appellant. (Proceeding No. 1.) In the Matter of JENNIFER W. ST. VINCENT'S SERVICES, INC., et al., Respondents; JEANETTE W., Appellant. (Proceeding No. 2.) In the Matter of PAUL W. ST. VINCENT'S SERVICES, INC., et al., Respondents; JEANETTE W., Appellant. (Proceeding No. 3.) [776 NYS2d 521]—In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of three orders of fact-finding and disposition of the Family Court, Kings County (Freeman, J.), all entered November 27, 2002 (one as to each child), made after a hearing, as terminated her parental rights and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the subject children, who were in the petitioner's custody for several years (*see Matter of Joyce Marie B.,* 305 AD2d 589 [2003]; *Matter of Luno Scott A.,* 292 AD2d 602 [2002]; *Matter of La'Quan De'Vota H.,*

259 AD2d 486 [1999]). The petitioner also established by clear and convincing evidence that during that period of time, the mother failed to maintain continuous contact with the children (*see Matter of Hasson B.,* 219 AD2d 649 [1995]), or plan for their future (*see Matter of Dana Lisette S.,* 5 AD3d 387 [2004]; *Matter of Shane Anthony P.,* 307 AD2d 297 [2003]; *Matter of Vincent M.,* 255 AD2d 515 [1998]). Accordingly, the Family Court properly found that the mother permanently neglected the children (*see* Social Services Law 384-b [7] [a]).

Under the circumstances, termination of the mother's parental rights was in the children's best interests (*see* Family Ct Act § 631; *see also Matter of Frederick S.,* 178 Misc 2d 152 [1998]). Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.