■  In the Matter of JONATHAN R. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; MICHAEL R., Appellant, et al., Respondent. [817 NYS2d 335]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights, the father appeals from an order of the Family Court, Richmond County (Porzio, J.), dated April 12, 2005, which, after fact-finding and dispositional hearings, found that the father permanently neglected the child and that it was in the best interests of the child to be adopted by the foster parents.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly admitted the child's case file into evidence as a business record (*see* CPLR 4518 [a]; *Hefte v Bellin,* 137 AD2d 406, 408 [1988]; *see also People v DiSalvo,* 284 AD2d 547, 548 [2001]).

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child, or alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.,* 63 NY2d 136 [1984]).

As a threshold matter, the agency must prove, by clear and convincing evidence, that it fulfilled its duty to exercise diligent efforts to strengthen the parent-child relationship and to reunite the family (*see Matter of Sheila G.,* 61 NY2d 368 [1984]; *Matter of Anthony Christopher G.,* 18 AD3d 469 [2005]). However, the agency's inability to provide assistance to the father due to his incarceration does "not preclude a determination that the agency made diligent efforts to strengthen the parent-child relationship" (*Matter of Charles Frederick Eugene M.,* 171 AD2d 343, 347 [1991]).

In the instant case, the agency adduced evidence that it had facilitated contact between the incarcerated father and the child's foster parents, facilitated several visits between the father and the child, including one at an upstate correctional facility, and apprised the father of the child's progress with information and photographs. The father, on the other hand, presented no evidence that he had made any plan for the child's future other than his desire to retain his parental rights. The Family Court properly made a finding of permanent neglect.

In light of the fact that the child had bonded with his foster parents, who wished to adopt him, that the father was not able to care for the child due to his incarceration, and that the father had no plan for the care of the child, the Family Court properly found that the best interests of the child would be served by terminating the father's parental rights and freeing the child for adoption by the foster parents (*see* Family Ct Act § 631; *Matter of Ashey Lorraine R.,* 22 AD3d 671, 672 [2005]; *Matter of Crystal C.,* 219 AD2d 601, 602 [1995]). Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.