■ In the Matter of OLIVIA F., a Child Alleged to be Permanently Neglected. MELISSA F., Appellant; JEWISH CHILD CARE ASSOCIATION, Respondent. [823 NYS2d 393]—

Order of disposition, Family Court, Bronx County (Carol Stokinger, J.), entered on or about September 9, 2005, which, upon a fact-finding determination of permanent neglect,

terminated respondent's parental rights to the subject child and committed the child's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The agency satisfied its statutory burden of making diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [f]). Those efforts included scheduling regular visitation between mother and child, referring and encouraging the mother to attend and complete a drug treatment program, and referring her to domestic violence and anger management programs (*see Matter of Jonathan M.*, 19 AD3d 197 [2005], *lv denied* 5 NY3d 798 [2005]; *Matter of Byron Christopher Malik J.*, 309 AD2d 669 [2003]). The record clearly and convincingly shows that despite these efforts, respondent missed the majority of her scheduled visits, failed to complete both a drug treatment and an anger management program, and failed to seek domestic violence counseling. Petitioner thereby established permanent neglect (*see Matter of La'Asia Lanae S.*, 23 AD3d 271 [2005]) and failure to plan for the child's future (*Matter of Maryline A.*, 22 AD3d 227 [2005]).

The evidence at the dispositional hearing clearly demonstrated that terminating respondent's parental rights so as to facilitate the child's adoption by her foster mother was in the child's best interests. The child has been living with her foster mother for three years, and is receiving good care in a safe, loving, consistent and nurturing environment (*see Matter of Martin P.J.S.*, 2 AD3d 106 [2003]). Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.