■ In the Matter of LEAH TANISHA A.-N., Also Known as LEAH A. NEW YORK FOUNDLING HOSPITAL, Respondent; OMAR XAVIER A. et al., Appellants. (Proceeding No. 1.) In the Matter of AYAL OMAR A.-N., Also Known as AYAL A. NEW YORK FOUNDLING HOSPITAL, Respondent; OMAR XAVIER A. et al., Appellants. (Proceeding No. 2.) In the Matter of IESHA DANA A.-N., Also Known as IESHA A. NEW YORK FOUNDLING HOSPITAL, Respondent; OMAR XAVIER A. et al., Appellants. (Proceeding No. 3.) [853 NYS2d 145]—

In three related proceedings pursuant to Social Services Law

§ 384-b to terminate parental rights on the ground of permanent neglect, the parents separately appeal from three orders of fact-finding and disposition of the Family Court, Richmond County (McElrath, J.), each entered March 6, 2006 (one as to each child), which, after fact-finding and dispositional hearings, found that the subject children were permanently neglected and committed guardianship and custody rights of the children to the New York Foundling Hospital for purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

In a proceeding to terminate parental rights on the ground of permanent neglect, the agency must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Jamie M., 63 NY2d 388, 390 [1984]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). If the agency establishes that it made diligent efforts, the court is required to determine whether the parent fulfilled her duties to maintain contact with and plan for the future of the child (see Matter of Sheila G., 61 NY2d 368, 373 [1984]).

Here, the agency demonstrated by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the relationship between the mother and the children. The agency scheduled numerous visits with the children, held semiannual service plan review meetings, referred the mother to drug treatment programs, and assisted her in finding suitable housing (see Matter of Star Leslie W., 63 NY2d 136, 143 [1984]; Matter of Deajah Shabri T., 44 AD3d 1060 [2007]; Matter of Olivia F., 34 AD3d 234 [2006]). However, the mother failed to plan for the future of her children. Specifically, she failed to complete a drug rehabilitation program and failed to secure suitable housing (see Matter of Leon G., 7 AD3d 524 [2004]; Matter of Ronell Dashawn P., 296 AD2d 502 [2002]; Matter of Maldrina R., 219 AD2d 723 [1995]).

In addition, the Family Court properly determined that, despite the agency's diligent efforts, the father failed to plan for the return of the children. Although the agency provided the father with several referrals to anger management programs, the father failed to complete an anger management course within the statutory period (see Matter of Olivia F., 34 AD3d 234 [2006]).

Moreover, the Family Court properly determined that it was in the best interest of the children to be placed for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of "Baby Boy" E., 42 AD3d 536 [2007]).

The father's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.