Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about October 3, 2006, which, upon a finding of permanent neglect, terminated respondent mother’s parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect was supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). Despite the diligent efforts of the agency to encourage and strengthen the parental relationship, which included arranging frequent visitation with the child and scheduling service plan reviews, respondent failed to adequately address the problems that led to the removal of her son (see Matter of Tashona Sharmaine A., 24 AD3d 135 [2005], lv denied 6 NY3d 715 [2006]). Respondent’s attendance at individual therapy, anger management counseling and parenting-skills classes does not require a finding that she planned for her son’s return (see Matter of Nathaniel T, 67 NY2d 838, 841-842 [1986]; Matter of Violeta P., 45 AD3d 352 [2007]). Furthermore, case records demonstrate that respondent continued to use corporal punishment inappropriately on the subject child (see Matter of Joquan Jomaine-Anthony V., 39 AD3d 868 [2007]). Nor is the finding of permanent neglect undermined by the evidence that the agency took steps to arrange for a trial discharge of the child to respondent, which never materialized due to respondent’s violent behavior (see Matter of Star Leslie W., 63 NY2d 136, 145-146 [1984]).
The evidence at the dispositional hearing was preponderant that the best interests of the child would be served by terminating respondent’s parental rights so as to facilitate the child’s *339 adoption by his foster mother with whom he has lived almost his entire life and who tended to his special needs (see Matter of Star Leslie W., 63 NY2d at 147-148; Matter of Olivia F., 34 AD3d 234 [2006]). The circumstances presented do not warrant a suspended judgment. Concur—Lippman, P.J., Mazzarelli, Buckley, McGuire and DeGrasse, JJ.