■ In the Matter of EGYPT K., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VALERIE K., Appellant. (Proceeding No. 1.) In the Matter of SIR MICHAEL K., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VALERIE K., Appellant. (Proceeding No. 2.) [873 NYS2d 707]—

In two related proceedings pursuant to Social Services Law

§ 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), dated December 5, 2007, which, upon a fact-finding order also dated December 5, 2007, and after a fact-finding and dispositional hearing, adjudicated that she had permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption. The appeal brings up for review the fact-finding order also dated December 5, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

These proceedings were commenced by petitions filed November 1, 2006, and October 1, 2007, which alleged, respectively, that the mother neglected her then three-year-old daughter, Egypt, and infant son, Sir Michael. Prior to the commencement of these proceedings, the mother was adjudicated to have neglected her daughter after discharging herself from the Phoenix House Mother and Child Program in 2004 without completing the program, and her daughter was placed in foster care.

While the mother subsequently completed the Phoenix House program in 2005, she failed to attend a second program, as directed by the court, and relapsed into drug use. She was incarcerated the following year for selling drugs shortly after giving birth to Sir Michael, whom she left in the hospital in a highly-compromised physical condition resulting from her drug use during pregnancy.

The infant son was discharged into foster care when he was released from the hospital. At the time of the fact-finding and dispositional hearings on November 28, 2007, the attorney for the children reported that the children were well and thriving in the same foster home, which the caseworker confirmed.

Under the circumstances of this case, the petitioner made diligent efforts to encourage and strengthen the mother's parental relationship with her children (*see Matter of Jamaorqui R.B.,* 56 AD3d 465, 466 [2008]; *Matter of Jeremy D.R.,* 40 AD3d 764, 765 [2007]; *Matter of Jonathan R.,* 30 AD3d 426, 427 [2006]). Despite such efforts, and notwithstanding the mother's recent attempts to address her drug abuse and lack of parenting skills, the Family Court properly found that the mother failed to plan for the children's futures (*see Matter of Jamaorqui R.B.,* 56 AD3d at 466; *Matter of Laura F.,* 48 AD3d 812 [2008]; *Matter of Jonathan R.,* 30 AD3d at 427). The best interests of the children were served by terminating the mother's parental rights and freeing the children for adoption (*see Matter of Jamaorqui*

*R.B.*, 56 AD3d at 466; *Matter of Jeremy D.R.*, 40 AD3d at 765; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691 [2004]).

The mother's remaining contentions are without merit. Mastro, J.P., Florio, Covello and Belen, JJ., concur.