■ In the Matter of NOELIA T., a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; FELICIA T., Appellant. (Proceeding No. 1.) In the Matter of KEYSON BERNARDO T., Also Known as KEYSON T., a Child Alleged to be Permanently Neglected. SCO FAMILY OF SERVICES et al., Respondents; FELICIA T., Appellant. (Proceeding No. 2.) [879 NYS2d 155]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Ruiz, J.) (one as to each child), both dated January 10, 2008, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and committed the children to the custody and guardianship of the petitioners SCO Family of Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the mother's contentions, the agency demonstrated by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the relationship between the mother and the children (*see Matter of Jamie M.*, 63 NY2d 388, 390 [1984]). The agency encouraged liberal visits with the children and referred the mother to drug treatment programs (*see Matter of Leah Tanisha A.-N.*, 48 AD3d 801 [2008]; *Matter of Deajah Shabri T.*, 44 AD3d 1060 [2007]; *Matter of Olivia F.*, 34 AD3d 234 [2006]). However, the mother failed to plan for the future of the children because she continued to abuse illegal drugs and failed to complete a drug rehabilitation program (*see Matter of Leah Tanisha A.-N.*, 48 AD3d 801 [2008]; *Matter of Leon G.*, 7 AD3d 524 [2004]; *Matter of Rasheem Dayquan P.*, 296 AD2d 502 [2002]; *Matter of Maldrina R.*, 219 AD2d 723 [1995]). Accordingly, the Family Court properly found that the mother permanently neglected the children.

Moreover, the Family Court properly determined that it was in the best interests of the children to be placed for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of "Baby Boy" E.*, 42 AD3d 536 [2007]). Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.