In the Matter of JORDAN F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRADLEY F., Appellant. (Proceeding No. 1.) In the Matter of BRADLEY F., JR. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRADLEY F., Appellant. (Proceeding No. 2.) [879 NYS2d 499]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate the father's parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated May 9, 2008, which, after a fact-finding hearing and a dispositional hearing, terminated his parental rights, transferred custody and guardianship of the child Bradley F., Jr., to the petitioner, and transferred custody and guardianship of the child Jordan F. to the paternal grandfather, for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that he permanently neglected his children by continuing to abuse drugs following the children's removal from his custody and by failing to complete the court mandated drug treatment and psychotherapy programs (*see* Social Services Law § 384-b; *see Matter of Egypt K.,* 59 AD3d 623 [2009]; *Matter of Christopher A.R.,* 57 AD3d 789, 790 [2008]; *Matter of Laura F.,* 48 AD3d 812 [2008]; *Matter of Sarah Jean R.,* 290 AD2d 511, 512 [2002]). Notwithstanding the diligent efforts of the Suffolk County Department of Social Services to help reunite the family, the father refused to cooperate with rehabilitation programs, admitted to continued drug use, and was

incarcerated on drug-related charges. By his actions, the father failed to plan for his children's return (*see Matter of Egypt K.,* 59 AD3d 623 [2009]; *Matter of Christopher A.R.,* 57 AD3d at 790; *Matter of Laura F.,* 48 AD3d 812 [2008]; *Matter of Sarah Jean R.,* 290 AD2d at 512). The best interests of the children were served by terminating the father's parental rights and freeing the children for adoption (*see Matter of Egypt K.,* 59 AD3d 623 [2009]; *Matter of David O.C.,* 57 AD3d 775, 776 [2008]; *Matter of Jamaorqui R.B.,* 56 AD3d 465, 466 [2008]).

The father's remaining contention is without merit. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.