In the Matter of CHYANNE H. ORANGE COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; MAE N. et al., Appellants. (Proceeding No. 1.) In the Matter of GERALD H. ORANGE

COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MAE N. et al., Appellants. (Proceeding No. 2.) In the Matter of MICHAEL K. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MAE N. et al., Appellants. (Proceeding No. 3.) [879 NYS2d 550]—

In three related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the father and the mother separately appeal, as limited by their respective briefs, from (1) so much of a fact-finding order of the Family Court, Orange County (Currier-Woods, J.), dated February 22, 2008, as, after a fact-finding hearing, found that the father and the mother, respectively, had neglected the subject children, and (2) so much of an order of disposition of the same court dated March 19, 2008, as, after a dispositional hearing, terminated their respective parental rights to the subject children and transferred the custody and guardianship of the subject children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the appeals from the fact-finding order are dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeals from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner established, by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]), that for a period of one year following the placement of the subject children with an authorized agency, the parents failed to substantially and continuously plan for the future of the children, although physically and financially able to do so, notwithstanding the petitioner's diligent efforts to encourage and strengthen the parental relationships (*see* Social Services Law § 384-b [7] [a]). Specifically, for more than 15 out of 22 months following the placement of the children into care, the mother and the father failed to complete their respective treatment programs, including mental health treatment, parenting classes, and family therapy, and to obtain suitable housing, despite the petitioner's diligent efforts to aid them. In light of the fact that neither parent had made any plan for the future of the children, the Family Court properly determined that the best interests of the children would be served by terminating the parents' respective rights

and freeing the children for adoption (*see Matter of Shanell K.M.,* 59 AD3d 201 [2009]; *Matter of Antwone Lee S.,* 49 AD3d 276 [2008]; *Matter of Wesley F.,* 190 AD2d 576 [1993]; *Matter of Gregory Michael M.,* 167 AD2d 469, 470-471 [1990]; *Matter of June Y.,* 128 AD2d 538 [1987]). Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.