■ In the Matter of FATIMA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARRETTA G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ILLINI G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARRETTA G., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JAMI G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARRETTA G., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of KADIJAH G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARRETTA G., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of KHILIL G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARRETTA G., Appellant, et al., Respondent. (Proceeding No. 5.) [883 NYS2d 130]—

In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), entered July 15, 2008, as, upon a decision dated July 7, 2008, and after fact-finding and dispositional hearings, terminated her parental rights and transferred custody and guardianship of the subject children to the petitioner for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the evidence presented at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that she permanently neglected her children by continuing to abuse drugs following the children's removal from her custody and by failing to complete, inter alia, the court-mandated drug treatment program (see Social Services Law § 384-b; see Matter of Jordan F. v Bradley F., 62 AD3d 698 [2009]; Matter of Egypt K., 59 AD3d 623 [2009]; Matter of Christopher A.R., 57 AD3d 789, 790 [2008]; Matter of Laura F., 48 AD3d 812 [2008]; Matter of Sarah Jean R., 290 AD2d 511, 512 [2002]). Notwithstanding the diligent efforts of the Suffolk County Department of Social Services to help reunite the family, the mother refused to cooperate with rehabilitation programs, and admitted to continued drug use. By her actions, the mother failed to plan for her children's return (see Matter of Jordan F. v Bradley F., 62 AD3d 698 [2009]; Matter of Egypt K., 59 AD3d 623 [2009]; Matter of Christopher A. R., 57 AD3d at 790; Matter of Laura F., 48 AD3d 812 [2008]; Matter of Sarah Jean R., 290 AD2d 511, 512 [2002]). The best interests of the children were served by terminating the mother's parental rights and freeing the children for adoption (see Matter of Jordan F. v Bradley F., 62 AD3d 698 [2009]; Matter of Egypt K., 59 AD3d 623 [2009]; Matter of David O.C., 57 AD3d 775, 776 [2008]; Matter of Jamaorqui R.B., 56 AD3d 465, 466 [2008]). Moreover, although the mother successfully completed a parenting class and had entered a substance abuse rehabilitation program at the time of trial, these limited rehabilitative efforts were not sufficient to warrant a suspended judgment (see Matter of Olivia Susan C., 2 AD3d 441 [2003]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.