■ In the Matter of NAOMI G., an Infant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KARLMANN G., Appellant, et al., Respondent. [887 NYS2d 132]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Klein, J.), dated May 7, 2008, which, after fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner established, by clear and convincing evidence, that for a period of more than one year following the placement of the subject child with an authorized agency, the father failed to substantially and continuously maintain contact with and plan for the future of the child, although physically and financially able to do so, notwithstanding the petitioner's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Chyanne H.,* 62 AD3d 876 [2009]; *Matter of Shamel H.,* 61 AD3d 685 [2009]; *Matter of Angelo D.,* 61 AD3d 683 [2009]; *Matter of Egypt K.,* 59 AD3d 623 [2009]; *Matter of "Baby Boy" E.,* 42 AD3d 536 [2007]). The father, among other things, denied being the child's father on three occasions, continuously failed to visit with the child for at least eight months, from November 14, 2006, to July 18, 2007, and failed to adequately complete various court-

ordered treatment programs, including mental health treatment, parenting classes, and a domestic violence program, despite the petitioner's diligent efforts to aid him.

Additionally, the Family Court properly determined that the best interests of the child would be served by terminating the father's rights and freeing the child for adoption (*see* Social Services Law § 384-b [7] [a]; *Matter of Chyanne H.*, 62 AD3d at 876; *Matter of Angelo D.*, 61 AD3d at 683; *Matter of Egypt K.*, 59 AD3d at 623). Fisher, J.P., Balkin, Hall and Austin, JJ., concur.