■ In the Matter of ANDREA B., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARENIA B., Appellant. [887 NYS2d 213]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment and permanent neglect, the mother appeals from (1) a fact-finding order of the Family Court, Suffolk County (Hoffman, J.), dated December 19, 2007, which, after a fact-finding hearing, found that she abandoned and permanently neglected her child, and (2) an order of disposition of the same court dated May 6, 2008, which, upon the fact-finding order and after a dispositional hearing, terminated her parental rights on the grounds of abandonment and permanent neglect and transferred custody and guardianship of the child to the Suffolk County Department of Social Services for the purposes of adoption.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly determined that there was clear

and convincing proof that the mother abandoned the subject child during the six-month period preceding the filing of the petition (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Robert A.G.*, 62 AD3d 701 [2009]; *Matter of Saquan L.E.*, 19 AD3d 418, 419 [2005]; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691 [2004]). The Family Court's finding of permanent neglect within the meaning of Social Services Law § 384-b (7) was also supported by clear and convincing evidence. In particular, the Family Court found that the agency exercised diligent efforts to encourage and strengthen the parent-child relationship and that, inter alia, the mother failed to plan for the child's future for a period of over one year after the child was removed from her custody based on her failure to attend drug treatment for such period of time (*see Matter of Noelia T.*, 61 AD3d 983 [2009]; *Matter of Leah Tanisha A.-N.*, 48 AD3d 801 [2008]; *Matter of Leon G.*, 7 AD3d 524 [2004]). Furthermore, the Family Court properly concluded, after a dispositional hearing, that it was in the child's best interest to terminate the mother's parental rights (*see Matter of Alim Lishen Laquan R.*, 63 AD3d 947 [2009]; *Matter of Chyanne H.*, 62 AD3d 876 [2009]; *Matter of Noelia T.*, 61 AD3d at 984; *see also Matter of Jessica Leslie A.*, 61 AD3d 679 [2009]).

Contrary to the mother's contention, the Family Court did not err in denying her request for new counsel under the circumstances herein (*see Matter of Jennifer O.*, 256 AD2d 1197 [1998]; *Matter of William D.*, 198 AD2d 40 [1993]; *see also Matter of Ashley D.*, 268 AD2d 803, 805 [2000]). Moreover, the court did not improvidently exercise its discretion in closing the courtroom to the public during part of the fact-finding hearing based on, inter alia, prior disruptions of the proceedings by a family member (*see* 22 NYCRR 205.4; *see also* Family Ct Act § 1043). Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.