■ In the Matter of MALEN SANSA V., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY J. et al., Appellants. (Proceeding No. 1.) In the Matter of BRIANA AUGUSTINA V., Also Known as AYELLEN ALEXA V., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY J. et al., Appellants. (Proceeding No. 2.) In the Matter of LUCAS V., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY J. et al., Appellants. (Proceeding No. 3.) [894 NYS2d 98]—

In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother and the father separately appeal, as limited by their respective briefs, (1) from so much of a fact-finding order of the Family Court, Suffolk County (Budd, J.), dated August 14, 2008, as, after a fact-finding hearing, found that they each had permanently neglected the subject children, and (2) from so much of an order of disposition of the same court dated November 17, 2008, as, after a dispositional hearing, terminated each of their parental rights

to the subject children and transferred the custody and guardianship of the subject children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeals from the fact-finding order are dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeals from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner established, by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]), that for a period of at least one year following placement of the subject children with an authorized agency, both the mother and the father failed to substantially and continuously plan for the future of the children, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationships (*see Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009], *lv denied* 13 NY3d 717 [2010]; *Matter of Jordan F.*, 62 AD3d 698 [2009]; *Matter of Shanell K.M.*, 59 AD3d 201, 201-202 [2009]). The testimony at the fact-finding hearing established that for a period of 16 months following the children's placement in foster care, the mother and the father failed to complete substance abuse treatment programs or psychotherapy, despite the agency's counseling and referrals for treatment. Accordingly, the Family Court properly found that the mother and the father permanently neglected the children.

The Family Court also properly determined that the best interests of the children would be served by terminating the mother's and the father's parental rights and freeing the children for adoption (*see Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Jordan F.*, 62 AD3d at 699; *Matter of Noelia T.*, 61 AD3d 983 [2009]). The testimony established that the children have been living together in the same foster care home for four years, that the older two children, ages 15 and 14 years old, want to be adopted, and that the foster parents want to adopt all of the children. Dillon, J.P., Covello, Miller and Chambers, JJ., concur.