■ In the Matter of SHAWN G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VANESSA G., Appellant. (Proceeding No. 1.) In the Matter of MICHAEL G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VANESSA G., Appellant. (Proceeding No. 2.) In the Matter of DAVID G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VANESSA G., Appellant. (Proceeding No. 3.) [924 NYS2d 398]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of mental illness and permanent neglect, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Tarantino, J), dated March 19, 2010, which, after fact-finding and dispositional hearings, (1) terminated her parental rights to the subject children upon a finding that she is presently, and will be for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for them, (2) terminated her parental rights to the subject child Michael G. upon a finding that she permanently neglected him, and (3) suspended judgment against her as to the subject children Shawn G. and David G. until January 31, 2010, provided that she comply with enumerated terms and conditions.

Ordered that order of fact-finding and disposition is modified, on the law and the facts, by (1) deleting the provision thereof finding that the mother is presently, and will be for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject children and substituting therefor a provision dismissing the petitions insofar as they sought to terminate the mother's parental rights on the ground of mental illness and (2) deleting the provisions thereof suspending judgment against her as to the children Shawn G. and David G.; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Suffolk County Department of Social Services (hereinafter DSS) filed petitions pursuant to Social Services Law § 384-b alleging that the mother's parental rights to the three subject children should be terminated on the grounds of permanent neglect and mental illness. At the close of DSS's case, the Family Court dismissed the petition alleging permanent neglect as to the children Shawn G. and David G. finding that DSS failed to establish its case by clear and convincing evidence. The Family Court sustained the petition, which alleged permanent neglect as to the subject child Michael G. and terminated the mother's parental rights. The Family Court also sustained the petitions

based upon the mother's mental illness as to all three children. The Family Court suspended judgment terminating the mother's parental rights as to the subject children Shawn G. and David G. The mother appeals.

DSS established, by clear and convincing evidence, that the mother failed for a period of at least one year substantially and continuously or repeatedly to maintain contact with or plan for the future of Michael G., although physically and financially able to do so, notwithstanding DSS's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of "Female" W.*, 7 AD3d 723 [2004]). The Family Court properly found that the mother failed to maintain contact with Michael G. since she had not visited him for several months prior to the filing of the petition (*see Matter of Naomi G.*, 65 AD3d 1344 [2009]; *Matter of Ray A.*, 30 AD3d 410 [2006]; *Matter of Antonio I.*, 26 AD3d 331 [2006]; *Matter of Byron Christopher Malik J.*, 309 AD2d 669 [2003]).

However, the Family Court erred in finding that DSS met its burden of establishing, by clear and convincing evidence, that the mother was "presently and for the foreseeable future" unable, by reason of her mental illness, to provide proper and adequate care for the subject children (*see* Social Services Law § 384-b [4] [c]; *Matter of Lina Catalina R.*, 21 AD3d 563 [2005]). DSS's expert testified that the mother had taken her medication so that the symptoms of her mental illness were, at least temporarily, under control. In addition, while the expert set forth that "at the present time" the mother suffered from a mental condition such that, if the children were placed in her care, they would be in danger of becoming abused or neglected, she also testified that she could not conclude with any degree of medical certainty whether the mother could, within the foreseeable future, address the major issue which placed the children at risk. We note that a suspended judgment is not authorized when parental rights are terminated based upon mental illness (*see* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Sarah-Beth H.*, 34 AD3d 242, 243 [2006]; *Matter of Ernesto Thomas A.*, 5 AD3d 380, 381 [2004]).

In light of our determination, the mother's remaining contentions need not be addressed. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.