■ In the Matter of ANGEL H., Also Known as ANGEL L.H. and Another. MERCY FIRST, Respondent; OMAYRA G., Appellant,

et al., Respondent. (Proceeding No. 1.) In the Matter of CARMEN G., Petitioner, v OMAYRA G., Appellant, and ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. (Proceeding No. 2.) [968 NYS2d 138]—

In a proceeding, inter alia, pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, and a related custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of fact-finding and disposition of the Family Court, Queens County (Richroath, J.), dated January 4, 2012, which, among other things, upon a decision of the same court dated November 30, 2011, made after a hearing, found that she permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to Mercy First and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject child. Contrary to the mother's contention, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). These efforts included repeated referrals of the mother to drug treatment programs and individual counseling, the monitoring of her progress in these programs, and repeated warnings to the mother that if she failed to attend and complete a drug treatment program, she could permanently lose custody of the subject child (*see Matter of Temple S.M. [Tricia M.]*, 97 AD3d 681, 681-682 [2012]). Despite these efforts, the mother failed to plan for the child's future (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Jamie M.*, 63 NY2d 388, 393 [1984]; *Matter of Orlando F.*, 40 NY2d 103, 110 [1976]; *Matter of Temple S.M. [Tricia M.]*, 97 AD3d at 681-682; *Matter of Darnell G. [Robin Denise H.]*, 88 AD3d 789, 790 [2011]). Accordingly, the petitioner met its burden of proving, by clear and convincing evidence, that the mother permanently neglected the subject child (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d at 136).

Furthermore, under the circumstances of this case, the Family Court properly determined that it was in the best interests

of the subject child to terminate the mother's parental rights (*see Matter of Star Leslie W.*, 63 NY2d at 147; *Matter of Temple S.M. [Tricia M.]*, 97 AD3d at 682; *Matter of Malen Sansa V. [Nancy J.]*, 70 AD3d 707, 708 [2010]).

The mother's remaining contentions are without merit. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.