In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals (1), as limited by her brief, from so much of three orders of fact-finding and disposition of the Family Court, Queens County (McGowan, J.) (one as to each child), all dated May 7, 2012, as, after fact-finding and dispositional hearings, and upon her failure to appear at the dispositional hearing, terminated her parental rights on the *697 ground of permanent neglect, and committed the guardianship and custody of the children jointly to the Children’s Aid Society and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption, and (2) from an order of the same court dated February 27, 2012, which denied her motion, in effect, to vacate her default in appearing at the dispositional hearing.
Ordered that the appeals from so much of the orders of fact-finding and disposition as terminated the mother’s parental rights, and transferred custody and guardianship of the children jointly to the Children’s Aid Society and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption are dismissed, without costs or disbursements, as no appeal lies from a portion of an order entered on the default of the appealing party (see CPLR 5511; Matter of Luis A.M.C. [Wendy M.], 102 AD3d 780, 780-781 [2013]); and it is further,
Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements; and it is further,
Ordered that the order dated February 27, 2012, is affirmed, without costs or disbursements.
The petitioner proved by clear and convincing evidence that the mother permanently neglected the subject children by failing to plan for their future (see Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 874-875 [2012]; Matter of Anthony R. [Juliann A.], 90 AD3d 1055, 1056 [2011]; Matter of Kendra D. [Amanda D.], 81 AD3d 644, 644-645 [2011]; Matter of Chyanne H., 62 AD3d 876, 877-878 [2009]). The Family Court properly denied the mother’s motion, in effect, to vacate her default in appearing at the dispositional hearing; the mother failed to demonstrate either a reasonable excuse for the default or a potentially meritorious defense (see CPLR 5015 [a] [1]; Matter of Niaja A.W. [Paulette G.], 100 AD3d 1009, 1010 [2012]; Matter of Kenneth S. v Bethzaida P., 95 AD3d 1022, 1023 [2012]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.